## LEWIS SHEARER *vs.* JOSIAH BARRETT.

A sale of personal chattels, like every other contract, must be based upon a good consideration ; but the consideration may be infered from the circumstances of the case. If a person claiming to be a purchaser has possession of the property, and can show that the former owner has acknowledged, either in writing or by parol, that he has sold or assigned the goods to the person in possession, that establishes a prima facie title ; and it lies on the person disputing title to show that there was no consideration for the transfer.

Accordingly, where plaintiff gave his son Martin a writing as follows : " I Lewis Shearer hereby relinquish and assign over all my right and title in a certain span of bay horses, one a mare and the other a horse, to Martin Shearer,"— and Martin took the horses and sold them to defendant, who purchased in good faith ; *held*, that plaintiff could not recover from defendant in an action of trover for the horses.

If the question had arisen between the plaintiff and his son Martin, it would have been enough for the latter to show himself in possession, with the written acknowledgment of the plaintiff that he had relinquished and assigned over his title to the property. The onus would then have been upon the plaintiff to rebut this presumptive evidence of a valid contract of sale. *Per* BRONSON, J.

TROVER for a pair of horses tried before WILLARD, Cir. J., at the Washington circuit in June, 1840. The plaintiff had formerly owned the horses, and the only question was whether the title had passed to the defendant. In April, 1839, plaintiff gave his son Martin a writing as follows: " I, Lewis Shearer, hereby relinquish and assign over all my right and title in a certain span of bay hores, one a mare and the other a horse, to Martin Shearer." Martin took the horses and sold them to the defendant—the writing being shown to the defendant before he made the purchase. Evidence was given for the purpose of showing the plaintiff insane, suffering under delirium tremens, at the time he executed the writing. The question of sanity was left to the jury. The plaintiff's counsel requested the judge to decide that the writing was

no defence, inasmuch as it contained no consideration, and was without seal. But the judge decided that if the plaintiff was sane at the time the writing was made the defence was complete. The jury found a verdict for the defendant, which the plaintiff now moves to set aside on a bill of exceptions.

*M. Fairchild* and *J. Crary*, for plaintiff.

*C. F. Ingalls*, for defendant.

*By the Court*, BRONSON, J. There can be no doubt that a sale of personal chattels, like every other contract, must be based upon some good consideration ; but it is not always necessary for the vendee to give direct evidence of a consideration. It may often be infered from the circumstances of the case. If the person who claims to be a purchaser has possession of the property, and can show that the former owner has acknowledged, either in writing or by parol, that he has sold or assigned the goods to the person in possession, that will be prima facie evidence of a valid transfer of the title ; and it will lie on the other party to show that there was no consideration for the sale. If this question had arisen between the plaintiff and his son Martin, it would, I think, have been enough for the latter to show himself in possession, with the written acknowledgment of the plaintiff that he had *relinquished and assigned over* his title to the property. The *onus* would then have been upon the plaintiff to rebut this presumptive evidence of a valid contract of sale.

The plaintiff did, in fact, give evidence to rebut the presumption of a valid sale to Martin. He proved that the writing was made for the purpose of authorizing Martin to exchange the horses for another horse ; and if the question now were between the original parties to the instrument, it may be conceded that the plaintiff would be entitled to recover.

But the defendant is a bona fide purchaser from Martin, without any notice of what passed between him and the

plaintiff at the time the writing was made.   He found Martin in possession of the property, with a written acknowledgment from the plaintiff that he was the owner.   After having thus furnished his son with sufficient prima facie evidence of a right to dispose of the property, the plaintiff can not recover against a third person who has acted upon that evidence, and purchased in good faith from the son.   The consequences of the fraudulent conduct of Martin should fall on the plaintiff, who enabled him to do the wrong, rather than be visited upon an innocent purchaser.   See *Pickering* v. *Busk*, 15 East, 38 ; *Mowrey* v. *Walsh*, 8 Cow., 238 (*a*); *Root* v. *French*, 13 Wend., 570; *Saltus* v. *Everett*, 20 Wend., 267.

On a bill of exceptions we can not inquire whether the verdict was against evidence, and I have, therefore, taken no notice of the evidence on the question of insanity.

New trial denied.

---

(a) See *Kewis* v. *Palmer & Hart*, ante p. 68.